AUDITOR GENERAL *v.* RUTTER.

TAXATION—REASSESSMENT—TIME—STATUTES.

> Failure to reassess, during the then current year, taxes which the auditor general causes to be charged back to the county and which are reassessed promptly after the county treasurer makes the statement to the board of supervisors showing the taxes rejected, does not invalidate the tax; the omission of the treasurer to perform his duty by making the report at the next session of the board, as provided by 1 Comp. Laws, § 3919, being the breach of a directory duty.

Appeal from Ingham; Wiest, J. Submitted February 11, 1910. (Docket No. 78.) Decided June 6, 1910.

Petition by James B. Bradley, auditor general, for the sale of land delinquent for taxes: On objections by Samuel J. Rutter. From a decree for contestant, petitioner appeals. Reversed.

*Charles W. McGill,* Assistant Attorney General, and *C. P. Black,* for petitioner.

*Thomas, Cummins & Nichols,* for contestant.

BLAIR, J. In 1897 the west one-third of lots 11 and 12, block 144, of the city of Lansing, was assessed for State, county, city, ward, highway, and school purposes. These taxes not having been paid, said description was returned delinquent to the auditor general's office for said taxes, together with the penalty and interest prescribed by the provisions of the general tax law, amounting to the sum of $31.64. Under date of June 30, 1899, the auditor general rejected the taxes in question and charged the same to the county of Ingham, under section 95 of the general tax law (Act No. 206, Pub. Acts 1893 [1 Comp. Laws, § 3918]). The "charged back list" covering the land in

question was sent to the county treasurer by mail under date of August 31, 1899. Why the auditor general rejected the taxes in question does not appear from the record in this case. In 1904 the board of supervisors ordered the taxes in question reassessed on said land, and, such reassessed taxes not having been paid, the land was again returned delinquent to the auditor general's department and included in his petition for a sale of lands for taxes in 1904; such petition being filed in January, 1907. Upon the hearing in the circuit court for the county of Ingham, Samuel J. Rutter, who now claims to own said land, filed certain objections to the making of a decree of sale. Proofs were taken, and after arguments by counsel representing the parties in interest, the circuit judge ordered said taxes vacated and set aside, for the reason that said taxes were not reassessed with the taxes of the then current year in which said taxes were rejected and charged back. The contestant purchased the land involved on the 23d day of June, 1904, and at that time the records in the auditor general's office showed that there were no tax liens against said lands for the year for which this land was reassessed.

The single question presented for our consideration is whether the provisions of section 3919, 1 Comp. Laws, are mandatory, so that the board of supervisors could only reassess the land in question at their next session after the return of the rejected taxes to the county treasurer. There is nothing in this record to indicate that the board of supervisors neglected its duty to cause the tax to be reassessed "upon the same land and collected with the taxes of the then current year" immediately after the county treasurer laid the statement of the rejected taxes before the board. We therefore assume that the neglect of the county treasurer in the discharge of his duty to lay before the board the statement of the rejected taxes forwarded to him by the auditor general "at their next session thereafter" was wholly responsible for the delay. We do not think it was the intention of the legislature to

make the performance of this purely ministerial act mandatory, so that the failure of the treasurer to transmit the statement to the board at their next session after he received it would invalidate their reassessment made promptly after its reception. We are of the opinion that the provision in this respect should be considered to be directory. *Manistee, etc., R. Co.* v. *Auditor General*, 115 Mich. 291 (73 N. W. 240).

The decree is reversed, with costs of both courts to defendant.

OSTRANDER, McALVAY, BROOKE, and STONE, JJ., concurred.